### VAN EVERY v. PETERSON et al.

Circuit Court of Appeals, Fifth Circuit.
February 14, 1928.

#### No. 4974.

1. **Mines and minerals** ⊗➡74—**Where sale contract is silent, development of oil lease must be started within reasonable time and prosecuted with due diligence.**

Generally, where payment for oil lease is to be made out of oil to be produced, and contract is silent as to beginning and extent of development, there is implied condition that drilling must be started within reasonable time, and development prosecuted with due diligence in good faith.

2. **Mines and minerals** ⊗➡74—**Whether development of oil lease sold is started within reasonable time and prosecuted with due diligence depends on particular facts.**

Whether implied condition of contract for purchase of oil lease from oil to be produced that drilling be started within reasonable time and development prosecuted with due diligence in good faith has been complied with depends on facts peculiar to each case.

3. **Mines and minerals** ⊗➡74—**Petition held to state cause of action for purchaser's failure to start drilling within reasonable time and prosecute development of oil lease with due diligence.**

Petition in action for breach of contract to purchase oil lease from oil produced *held* to state cause of action, entitling plaintiff to prove allegations of noncompliance with implied condition that drilling be started within reasonable time and development prosecuted with due diligence in good faith.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action by Thomas Van Every against Ed Peterson and others. Judgment of dismissal, and plaintiff brings error. Reversed and remanded.

E. B. Hendricks, of Fort Worth, Tex., for plaintiff in error.

E. C. De Montel and W. H. Sanford, both of Wichita Falls, Tex., for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error, also plaintiff below, brought suit to recover damages of $5,000 for breach of contract growing out of an oil lease, by which he was to receive that amount in oil produced. The petition was dismissed on an exception of no cause of action.

The petition in substance alleges as follows: Plaintiff was the owner of a leasehold estate of 50 acres of land in Wichita county, Texas, and the owner of seven-eighths of the oil and gas underlying same. On November 27, 1925, he sold the oil and gas to defendants by written agreement in consideration of $2,250 in cash, which was paid, and $5,000 to be paid out of three-eighths of the oil to be produced under said lease. The land was capable of producing oil in paying quantities. One well had been drilled on the southeast corner and was then producing about one barrel a day. Another well, which was nonproducing, had been drilled to a depth of approximately 1,000 feet, about 250 feet southwest of the first well. On the surrounding land oil had been discovered at various depths, of from 150 feet to 1,900 feet, and 75 per cent. of the said wells were producing oil in paying quantities. Defendants knew the above set out facts, and there was an implied agreement on their part to begin drilling operations on the land within a reasonable time, and to continue them in good faith and with reasonable diligence until a sufficient number of wells had been drilled to produce oil in paying quantities, drilling at least one well on each 10 acres of the land. Defendants drilled only one well, that on the extreme western corner of the land, which well proved to be unproductive, and they refused to drill other wells, and refused to pump the

well then on the land, although requested to do so by plaintiff. On October 23, 1926, defendants sold and transferred the lease to the fee-simple owners, thereby depriving plaintiff of the opportunity of developing the land himself. The agreement referred to is annexed as an exhibit to the petition, and is an absolute conveyance of all of plaintiff's rights, with no provision requiring the drilling of a well or development of the land, with no forfeiture clause, and no provision for the payment of rent, or other compensation, in the event that wells were not drilled and the land not developed. The original lease from the owners of the fee is not pleaded.

[1, 2] It may be considered settled that as a general rule, where payment for an oil lease is to be made out of oil to be produced, and the contract is silent regarding the beginning and extent of development, there is the implied condition that drilling must be started within a reasonable time and development be prosecuted with due diligence, in good faith. See Simms Oil Co. v. Colquitt (Tex.Civ.App.) 289 S. W. 98; American Sulphur Royalty Co. v. Freeport Sulphur Co. (Tex. Civ. App.) 276 S. W. 456; Waggoner Estate v. Sigler Oil Co. (Tex. Com. App.) 284 S. W. 921; Grubb v. McAfee, 109 Tex. 527, 212 S. W. 464. Of course, the determination of whether the condition has been complied with depends on the facts peculiar to each case, and there are some seeming exceptions, but they are usually easily reconciled.

Defendants do not seriously dispute the general rule, but rely on the cases of United Central Oil Corp. v. Helm (C. C. A.) 11 F. (2d) 760, and Greenwood & Tyrrell v. Helm (Tex. Civ. App.) 264 S. W. 221, as supporting the conclusion reached by the District Court.

In the first case above cited it appeared that a pumping well had been abandoned, and that two other wells drilled on the land had proven dry holes. There was a trial on the merits, and the sole question presented was whether the abandonment of the pumping well was justified. We held that on the facts shown a motion for verdict should have been granted. In the second case above cited the Court of Civil Appeals recognized the doctrine of an implied condition to develop the wells in good faith, but held there was a mere option to drill, enforceable only by forfeiture of the lease. These cases are inapplicable to the contract here under consideration. Other cases cited by defendant are also easily distinguishable.

[3] The contract here declared on comes well within the rule above stated. It may be that a trial on the merits will develop that defendants have in good faith complied with implied condition of the contract, but that they have done so cannot be determined as a matter of law on the face of the papers.

We conclude that the petition states a cause of action on which plaintiff is entitled to have his day in court to prove his allegations, if he can. It was error to dismiss the suit.

Reversed and remanded.